815 F.2d 704
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Annie JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 85-3384.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before KEITH, NELSON and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The claimant in this social security case appeals from a district court judgment affirming the Secretary's denial of benefits. The claimant was 37 years old at the time of her hearing before the Administrative Law Judge. She has a ninth grade education. Her past relevant work was as a shipping and receiving clerk, maid, dishwasher, housekeeper, nurses aide, and assistant maid supervisor. The claimant filed an application for disability insurance benefits and supplemental security income on December 21, 1982, alleging that she had been disabled since August 19, 1981 as a result of back injuries.
 
 
 2
 On August 20, 1981, the claimant was admitted to Akron General Medical Center complaining of low back pain after a fall. She had a lumbar laminectomy in the course of her hospitalization, and was discharged on September 11, 1981, in good condition. The discharge diagnosis indicates that she had a herniated lumbar disc at the L4/L5 level.
 
 
 3
 The claimant returned to the hospital on February 14, 1982, reporting a recurrence of her symptoms and pain in her left leg. Physical therapy and avoidance of heavy lifting and bending resulted in some relief of her symptoms, and she was discharged on March 1. In October of 1982, however, after further examination and testing, the claimant underwent a hemilaminectomy at the Cleveland Clinic. It was found that a retained fragment of the L4 disc had been compromising her spinal nerve roots. The fragment was removed, and a partial fasciectomy was performed to the left lateral L4/5 facet joint. At her discharge on October 16, 1982, the claimant was described as "comfortable."
 
 
 4
 The claimant repeatedly reported back pain and left leg pain over the next several months, although no further surgical procedures were suggested. A physician who examined her in March of 1983 at the request of the Bureau of Disability Determination reported residual low back pain and radiculopathy.
 
 
 5
 The administrative hearing was held on June 15, 1983. On August 2, 1983, the claimant's counsel advised the agency that the claimant intended to participate in the Cleveland Clinic's pain therapy program, and the record was kept open until October 27 for receipt of additional medical documents.
 
 
 6
 The Administrative Law Judge considered the medical evidence and the claimant's testimony as to her pain and the limitations that it imposes. He concluded that she had a severe impairment that prevented her from performing her past relevant work. He found that her "allegations of discomfort are credible but do not significantly diminish her residual functional capacity." He also found that she "has the residual functional capacity to perform the physical exertion requirements of work except for prolonged walking or standing or uninterrupted sitting, or excessive bending and lifting" (emphasis supplied.) Based upon these findings, he concluded that "[t]he claimant has the residual functional capacity to perform the full range of sedentary work." Under the regulations ("the grid") this meant that she was not disabled.
 
 
 7
 The Appeals Council, the magistrate, and the district court agreed with the Administrative Law Judge. After the ALJ made his decision, however, and just weeks before the district court affirmed it, this court decided Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985). In that case we held that where the evidence establishes that the claimant must be Allowed to alternate between sitting and standing as her comfort requires, the claimant cannot perform a full range of sedentary work; reliance on the grid to prove that there is work the claimant can perform is therefore error under these circumstances
 
 
 8
 The evidence in the instant case supported the finding of the ALJ that the claimant is unable to engage in "uninterrupted sitting." Reliance on the grid was therefore error, and following Wages, we REVERSE and REMAND for an award of benefits.